# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Simpson Performance Products, Inc., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Zamp Inc., )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>5:16-cv-157 |

## **CONSENT JUDGMENT**

Plaintiff, Simpson Performance Products, Inc. ("Simpson"), and Defendant Zamp Inc. ("Zamp") (Simpson and Zamp are each a "Party" and are collectively the "Parties"), have agreed to a negotiated settlement of the dispute between them alleged in this action and have set forth the terms and conditions of such settlement in a Confidential Settlement Agreement (the "Settlement Agreement"). Now the Parties, by their respective undersigned attorneys, hereby stipulate and consent to entry of Judgment and an injunction in this action as follows:

IT IS ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over the subject matter of this patent infringement action, the parties have consented to personal jurisdiction in this Court, and the Court has subject matter jurisdiction over any actions to enforce the terms of this Judgment.

2. Simpson is the owner of the entire right, title and interest in and to United States Patent No. 9,351,529 (the "'529 Patent").

3. Zamp has offered for sale and sold the Series 1A head and neck restraint and the Series 4A head and neck restraint.

4. Simpson and Zamp each acknowledge for all purposes that all claims in the '529 Patent are valid and enforceable in compliance with the provisions of the Patent Laws of the United States, including specifically 35 USC §§ 101, 102, 103, and 112.

5. Zamp and its respective affiliates, subsidiaries, successors, assigns, officers, directors, agents, employees, attorneys, customers, and any other persons who are in privity, active concert or participation with anyone described in this paragraph, are permanently enjoined from the following activities:

>A. making or having made, selling, offering for sale, using, distributing, marketing, promoting and/or importing into the United States the Series 1A head and neck restraint and the Series 4A head and neck restraint and any product that is not more than colorably different or trivially different from the Series 1A head and neck restraint or the Series 4A head and neck restraint;
>
>B. aiding, abetting, or otherwise facilitating any such acts of infringement; and
>
>C. commencing, pursuing, or otherwise facilitating any legal, equitable or other claim or defense directly or indirectly (including through a third party) that contests the validity or enforceability of the '529 Patent, whether in court or through an administrative agency, including without limitation commencing or pursuing any action before the United States Patent & Trademark Office through post grant review, *inter partes* review, and/or reexamination.

6. Zamp's Counterclaims are hereby dismissed with prejudice.

7. The terms of this Consent Judgment shall apply only until the date upon which the '529 patent expires.

8. Simpson, its successors, and/or its assigns may enforce compliance with this Consent Judgment.

9. Each of the Parties bears its own costs and attorneys' fees.

Kenneth D. Bell
United States District Judge

Signed: December 20, 2019